UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br><br>v.<br><br>**[2] EWIN BERNANRD ASTACIO-ESPINO,**<br>Defendant. | CRIMINAL NO. 12-200 (JAF) |

**MOTION TO OPPOSE MOTION TO SUPPRESS (DOCUMENT NO. 1239)
AND TO CLARIFY THE COURT'S ORDER (DOCKET NO. 1248)**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys and very respectfully states and prays as follows:

**INTRODUCTORY STATEMENT**

1. On October 23, 2013, two (2) days prior to the scheduled jury selection, Edwin Bernard Astacio-Espino ("Bernanrd") moves to suppress all the firearms and narcotics seized on August 28, 2010 at the residence of co-defendant [9] Ismael E. Cruz-Ramos. (Document No. 1239).[1] On that date, Bernard was arrested by law enforcement agents who were actively seeking him as he was a fugitive for a federal arrest warrant for the helicopter shooting.

2. Today October 24, 2003, the Court issued an order wherein it confirmed that it would

---

[1] The designation of evidence in this case was filed on September 18, 2013, which included the firearms seized on August 28, 2010. (Document No. 1159). Thus, Defendant had more than one (1) month notice that the United States would be using this evidence at trial.

1

respect Judge Smith's rulings on the suppression issues. (Docket No. 1248). Judge Smith ruled that all evidence except the four (4) rifles found in a flower pot outside, on the terrace, adjacent to a door to the residence of co-defendant [9] Ismael Cruz-Ramos would not be suppressed. Said rifles were suppressed in relation to co-defendant [9] Ismael Cruz-Ramos, who was found by the Court to have standing as the owner of the residence. Bernard's standing was not an issue and was not decided in Judge Smith's opinion. (Document No. 913).

### ARGUMENT: BERNARD DOES NOT HAVE STANDING

3. Bernard should not benefit from this suppression ruling because he was not the owner of the residence and does not have standing to suppress the rifles found outside of the same. The affidavit filed in support of the motion to suppress, at most, demonstrates that Bernard was a "casual visitor" in the residence where he was arrested. Being a visitor at a residence is insufficient to prove standing. At the time, Bernard was a fugitive from justice because there was a pending arrest warrant against him. In fact, co-defendant [9] Ismael Cruz-Ramos who signed the affidavit in support of the motion to suppress pled guilty to harboring a fugitive.

### LEGAL ANALYSIS AND DISCUSSION

4. In <u>Minnesota v. Olson</u>, 495 U.S. 91 (1990), the Supreme Court held that a party's "status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable." <u>Id.</u> at 96-97. Nevertheless, in <u>Minnesota v. Carter</u>, 525 U.S. 83 (1998), the Supreme Court clarified that "an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely

present with the consent of the householder may not." Id. at 91. Case law has distinguished between a "short-term guest" and an "overnight guest." To establish oneself as an "overnight guest," a movant must prove that he was more than a casual visitor. See United States v. Berryhill, 352 F.3d 315, 317 (6th Cir. 2003) (holding that "a casual, transient visitor does not have a reasonable expectation of privacy in his host's home."); United States v. Torres, 162 F.3d 6, 10 (1st Cir. 1998) (holding that "Torres was nothing more than a casual visitor in the apartment, and, as such, had no reasonable expectation of privacy."). In determining whether a party is an "overnight guest," relevant factors that courts have considered include whether the party actually spent the night at the residence; had access to the residence, such as a key; control or dominion over the residence; and stored possessions at the residence. See United States v. Pollard, 215 F.3d 643, 647-48 (6th Cir. 2000) (defendant had reasonable expectation of privacy in premises where he "had been staying . . . earlier in the week . . . kept some personal belongings in a closet in the living room," and was permitted to be in home while owners were absent); United States v. Davis, 932 F.2d 752, 756-57 (9th Cir. 1991) (where defendant had key to apartment, could come and go freely, and stored items in an apartment, he had a reasonable expectation of privacy); Nieves v. New York City Police Dept., 716 F. Supp. 2d 299, 307 (S.D.N.Y. 2010) (defendant who "had been friends with the Apartment's owner for several years, spent the night in the Apartment about five times a month, had a key to the Apartment, kept personal items there, and was the sole occupant at the time the officers arrived at the Apartment" had reasonable expectation of privacy in Apartment). The burden of showing this rests with the movant seeking suppression.

3

5. The affidavit filed in support of Bernard's suppression request merely establishes that Bernard was a "casual visitor" in the residence of Ismael Cruz-Ramos and sometimes slept there, which is insufficient to obtain the drastic remedy of suppression. There is no evidence that Bernard had unrestricted access to the residence, such as a key; control or dominion over the residence; or stored possessions at the residence. Hence, the affidavit filed in support of the motion to suppress demonstrates that he was no more than a "casual visitor." The fact that he merely stayed that night and casually stayed there previously is not sufficient to demonstrate that he has a legitimate expectation of privacy over the house, or standing to challenge suppression.

6. If the Court were to find that Bernard was an "overnight guest," his expectation of privacy would not extend to the patio areas, common areas, or the vehicle that was parked inside of the same. See United States v. Jimenez, 419 F.3d 34, 40 (1st Cir. 2005). Accordingly, Bernard has no standing to suppress the firearms seized in the flower stand on the terrace adjacent to a door to the residence of co-defendant [9] Ismael Cruz-Ramos and the drugs and firearms seized in the vehicle. In sum, although the Court suppressed the rifles in the flower stand in relation to do-defendant [9] Ismael Cruz-Ramos, the Court need not suppress them in the present case because Bernard has no standing. Accordingly, the United States request that the Court clarify its order in Docket No. 1248 and find that all firearms and narcotics seized on the date of Bernard's arrest can be presented at trial.

WHEREFORE, the United States respectfully requests that the Court **CLARIFY** and hold that all firearms and narcotics seized on the date of Bernard's arrest may be presented at trial.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 24th day of October, 2013.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

S/Victor O. Acevedo-Hernandez
Victor O. Acevedo-Hernandez-227813
Special Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon St.
San Juan, P.R.   00918
Tel. (787) 766-5656; Fax (787) 771-4050
e-mail: Victor.O.Acevedo@usdoj.gov

S/ Jenifer Y. Hernandez Vega
Jenifer Y. Hernández Vega
USDC No. 216002
Assistant U.S. Attorney
U.S. Attorney's Office
Torre Chardon, Suite 1201
Hato Rey, P.R. 00918
Fax (787) 771-4050

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

S/Victor O. Acevedo-Hernandez
U.S.D.C. No. 227813